```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF MASSACHUSETTS


SECURITIES AND EXCHANGE          )
COMMISSION,                      )
                                 )
            Plaintiff,           )    CIVIL ACTION NO.
                                 )    12-11669-DPW
                                 )
    v.                           )
                                 )
                                 )
BRETT HAMBURGER,                 )
                                 )
            Defendant.           )
```

## FINAL JUDGMENT AS TO DEFENDANT BRETT HAMBURGER
September 6, 2019

WHEREAS, Plaintiff Securities and Exchange Commission ("Commission") filed a Complaint, and defendant Brett Hamburger ("Hamburger") answered the Complaint;

WHEREAS, the Commission moved for summary judgment on its claims against Hamburger, and the parties thereafter briefed and argued this motion; and

WHEREAS, the Court issued a Memorandum and Order granting the Commission's motion for summary judgment against Hamburger:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant Hamburger is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange

Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud; or

(b) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant Hamburger's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant Hamburger or with anyone described in (a).

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Hamburger is permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of

transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)   to employ any device, scheme, or artifice to defraud;

    (b)   to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant Hamburger's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant Hamburger or with anyone described in (a).

## III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Hamburger is permanently restrained and enjoined from violating Section 15(a) of the Exchange Act [15 U.S.C. § 78o(a)], by using the mails, or any means or instrumentality of interstate commerce, to effect transactions in, or to induce or attempt to induce the purchase or sale of, securities without being registered as a broker or dealer or associated with a registered broker or dealer in accordance with Section 15(b) of the Exchange Act, 15 U.S.C.§ 78o(b).

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant Hamburger's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant Hamburger or with anyone described in (a).

IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Hamburger is liable for disgorgement of $414,744.37, representing profits gained from his unlawful conduct, together with prejudgment interest thereon in the amount of $124,918.52, for a total of $539,662.89. Defendant shall satisfy this obligation by paying $539,662.89 to the Commission within 14 days after entry of this Final Judgment.

Defendant Hamburger may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Commission, which shall be delivered or mailed to

>     Enterprise Services Center
>     Accounts Receivable Branch
>     6500 South MacArthur Boulevard
>     Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Brett Hamburger as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.

The Commission shall hold the funds (collectively, the "Fund") and may propose a plan to distribute the Fund subject to the Court's approval. The Court shall retain jurisdiction over the administration of any distribution of the Fund. If the Commission staff determines that the Fund will not be distributed, the Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Final

Judgment.  Defendant shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Hamburger shall pay a civil penalty in the amount of $414,744.37 to the Commission pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)].  Defendant Hamburger shall make this payment within 14 days after entry of this Final Judgment.

Defendant Hamburger may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request.  Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm.  Defendant Hamburger may also pay by certified check, bank cashier's check, or United States postal money order payable to the Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Brett Hamburger as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant Hamburger shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action.  By making this payment, Defendant Hamburger relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.  The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury. Defendant Hamburger shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961.

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.


*/s/ Douglas P. Woodlock*
DOUGLAS P. WOODLOCK
UNITED STATES DISTRICT JUDGE